**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Penn; Annise Penn, ) | No. CV 12-01260-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Ray Fidel, et al., ) | |
| Defendant. ) | |

The court has before it plaintiffs' motion to vacate or modify arbitration award (doc. 1), defendants' response (doc. 11), and plaintiffs' reply (doc. 15).

Plaintiff Darrell Penn was hired by DriveTime Automotive Group on November 22, 2010. The parties agreed to arbitrate any dispute arising out of their employment relationship. On December 9, 2010, after working at DriveTime for about 3 weeks, plaintiff attended a town hall meeting at DriveTime's Mesa Operations Center. During the meeting, in front of the other attendees, DriveTime CEO Ray Fidel kissed plaintiff on the cheek. Plaintiff alleges that he was embarrassed and humiliated by the unwelcome contact and that afterwards he was teased by co-workers. Plaintiff quit his employment at DriveTime on or about December 21, 2010, when he left on a medical leave but never returned to work.

Plaintiff then filed an action in state court asserting claims for, among other things, battery, sexual harassment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e. Following a motion to compel, the claims were ultimately submitted to arbitration. After

1  conducting a two-day hearing, the arbitrator issued his decision, concluding that the brief kiss
2  on the cheek did not rise to the level of battery or sexual harassment, the co-worker teasing
3  was not sufficiently severe or pervasive to alter the terms or conditions of plaintiff's
4  employment, and plaintiff had not established a claim for constructive discharge. Plaintiff
5  now asks this court to modify or vacate the arbitrator's award (doc. 1).

6  We may vacate an arbitrator's award only upon a showing that the award was
7  procured by corruption or fraud, or the arbitrator was partial, corrupt, guilty of misconduct,
8  or exceeded his powers or imperfectly executed them such that a definite award was not
9  made. 9 U.S.C. § 10(a). We may modify or correct an award only if (1) there was a material
10 miscalculation of figures, or in the description of any person, thing, or property referred to
11 in the award, (2) the arbitrator awarded upon a matter not submitted to him, or (3) the award
12 is imperfect in matter of form not affecting the merits of the controversy. Id. § 11.

13 Plaintiff argues that the arbitrator inaccurately characterized testimony given at the
14 hearing. In particular, he challenges the arbitrator's statement that (1) "Penn testified that
15 following the kiss incident, he was teased about it by several DriveTime employees that he
16 knew from the time he had worked at Wells Fargo Bank," (2) "Penn testified that when he
17 asked the former Wells Fargo employees to stop teasing him, they did stop," (3) "All of
18 DriveTime supervisory or management employees who testified said they did not learn of
19 Penn's complaints until just before an email Penn sent on December 21, 2010," and (4)
20 "While Penn asserted that he was grossly offended by Fidel's act in kissing him, there was
21 no evidence that Fidel would have known that Penn would be grossly offended." Plaintiff
22 contends that these findings of fact by the arbitrator are incorrect, that they do not conform
23 to testimony that he gave, and therefore they demonstrate "misconduct" on the part of the
24 arbitrator. Motion at 4. We disagree.

25 Confirmation of the arbitration award "is required even in the face of erroneous
26 findings of fact or misinterpretations of law." French v. Merrill Lynch, Pierce, Fenner &
27 Smith, Inc., 784 F.2d 902, 906 (9th Cir. 1986) (quotation omitted). An arbitrator's decision
28 must be upheld unless it is "completely irrational" or constitutes a "manifest disregard of the

1  law." Id. It was within the arbitrator's authority to make factual determinations. Plaintiff's
2  disagreement with those determinations does not justify vacating or modifying the arbitration
3  award.
4  **IT IS ORDERED DENYING** plaintiffs' motion to vacate or modify the arbitrations
5  award (doc. 1).
6  DATED this 5th day of November, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge